# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DWAYNE STOVALL,

Plaintiff,

v.

MELISSA POOLE, DETECTIVE MELVIN KESNER, DETECTIVE CHARLES WOODALL, OMAR JOHNSON, and MRS. MIDDLETON,

Defendants.

Case No. CV413-024

## REPORT AND RECOMMENDATION

Dwayne Stovall, who is serving 20 years' imprisonment for child molestation, has filed a 42 U.S.C. § 1983 civil rights complaint against state officials who participated in his prosecution. (Doc. 1.) The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

In his sometimes rambling, prolix factual recitation, Stovall suggests that he was targeted and charged with kidnapping and battery in retribution for his favorable testimony in another case, and after his arrest, the child molestation charge was added. (Doc. 1 at 5-15.) He insists that all of the named defendants, whom he is suing in their individual capacities, manipulated the judicial process into bringing changes against him and eventually obtaining his conviction. (*Id.* at 16.)

He seeks a declaratory judgment as well as compensatory and punitive damages. (*Id.* at 16-17.)

As best the Court can determine, Stovall is asserting a claim of malicious prosecution against the state officials who initiated the prosecution that led to his conviction.[1] The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998). Stovall has not alleged or established a favorable termination of the underlying criminal proceeding that forms the basis of his claim of malicious prosecution. *See Uboh*, 141 F.3d at 1005) (illustrating various

---

[1] Stovall never actually raises any distinct claim for relief. Instead, he explains that he was innocent of the charges, the defendants knew or should have known that, and he's therefore entitled to damages and a declaratory judgment. (Doc. 1 at 5-18.) In that regard, he has failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Under that provision, a plaintiff must give the defendant fair notice of the nature of his claim and present sufficient facts to state a plausible claim for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

ways that a prosecution can terminate in favor of the accused).[2] Consequently, Stovall has failed to state a claim for relief, and this case should be **DISMISSED**.[3]

Meanwhile, Stovall must pay the filing fee for this lawsuit. Based upon his furnished information, he owes a partial filing fee of $44.91. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian shall remit that amount to the Court and shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall

---

[2] According to the Georgia Department of Corrections website, he is still actively serving a 20-year sentence on the charges described in the complaint. *See* Georgia Dep't of Corr. Offender Database, *available at* http://www.dcor.state.ga.us (last visited June 26, 2013).

[3] As an additional matter, Mrs. Poole, the prosecutor assigned to the case, is immune to suit for damages to the extent she is being targeted in her individual capacity for her prosecutorial decisions. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'"). Since that appears to be the basis for the claim against her, she would be subject to dismissal even had Stovall stated a claim for relief.

forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 26th day of June, 2013.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**